Taft, J.
Tlie substance and most of tbe words of Section 2311.041, Revised Code,* which became effective in 1959, have been taken from Rule 56 of the Federal Rules of Civil Procedure. Wills, A Proposed Summary Judgment Statute for Ohio, 19 Ohio State Law Journal, 1.
As indicated by the words of the statute, a summary judgment which would represent a “final determination of the rights of the parties in action” and hence come within the definition of a judgment set forth in Section 2323.01, Revised Code, is to be rendered only “if the pleadings, depositions, answers to interrogatories, admissions of the genuineness of papers or, documents, and affidavits * * * show that there is no genuine issue as to any material fact and that the moving party *31 is entitled to judgment as a matter of law.” That this means that the moving party must be entitled to judgment as a matter of law “upon the whole case or for all the relief asked” is made abundantly clear by the last sentence of subdivision (B) and by subdivision (C) of the statute.
Thus, where, as in the instant case, an order claimed to be a judgment does not purport to be a judgment “upon the whole case or for all the relief asked,” it will not amount to a judgment, except possibly a “judgment interlocutory in character,” even though it purports to be a judgment. Coffman v. Federal Laboratories, Inc. (C. C. A., 3 — 1948), 171 F. (2d), 94. See State, ex rel. Jewish Children’s Bureau, v. Juvenile Court (1961), 171 Ohio St., 496. '
When there is an appealable final order or judgment, defendant will have an opportunity on appeal therefrom to question any errors in the proceeding which may have prejudiced him, including any made in granting the motion for summary judgment.
There can be no appeal from an order rendered pursuant to a motion for summary judgment which order does not purport to be a judgment upon the whole case or for all the relief asked, even though such order purports to be a judgment upon part of the case and for part of the relief asked.
Biggins v. Oltmer Iron Works (C. C. A., 7 — 1946), 154 F. (2d),'214, indicates that the trial court’s order of May 25, 1960, should be reversed because it purports to be a judgment. However, the order in the Biggins case specifically provided for execution. There is no such provision in the order involved in the instant case. Since, as hereinbefore pointed out, it is not an order which amounts to a judgment, it can have none of the effects of a judgment, notwithstanding the judgment nomenclature that it contains.
As stated in Audi Vision, Inc., v. R C A Mfg. Co. (C. C. A., 2 — 1943), 136 F. (2d), 621:
“If the [trial court] * * * will take care in cases such as this to make it clear that its order is of the pretrial type * * *, the parties will then more carefully recognize their rights and the court will have retained full power * * * to make one complete adjudication on all aspects of the case when the proper time arrives.”
*32 The Court of Appeals was correct in dismissing the cause for want of a final order or judgment.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Matthias, Bell, Herbert and O’Neill, JJ., concur.

So far as pertinent, that section reads:
“Summary judgment may be granted in a civil action as provided in this section.
“(B) * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions of the genuineness of papers or documents, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A summary judgment shall not be rendered unless it appears * * * [therefrom] that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; the party against whom the motion for summary judgment is made is entitled to have such depositions, answers to interrogatories, admissions of the genuineness of papers or documents, and affidavits construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
“(C) If on motion under this section summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings, depositions, answers to interrogatories, admissions of the genuineness of papers or documents, and affidavits before it, shall if practicable ascertain what material facts exist without controversy and what material facts are actually and in good faith controverted. The court shall thereupon make an order on its journal specifying the facts that are without controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.”